Kramer and Associates
542 4th Ave., Ste. 207
Fairbanks, Alaska 99701
mike@mikekramerlaw.com
*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RYAN BEACH,<br>APRIL BEACH,<br>K.B. (DOB 2003),<br>R.B.JR (DOB 2006),<br>and L.B. (DOB 2016),<br><br>            Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br>OSBORNE CONSTRUCTION<br>COMPANY,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.:|

## **COMPLAINT**

1. At all relevant times, Ryan Beach (Ryan) was a resident of North Pole, Alaska.

2. At all relevant times, April Beach (April) was married to Ryan and a resident of North Pole, Alaska.

3. At all relevant times, K.B., R.B.Jr., and L.B. were minor children of Ryan and April Beach, and all were residents of North Pole, Alaska.
COMPLAINT
*Beach, et al., v. United States of America*, et al., Case No.:_____
Page 1 of 7
Case 4:20-cv-00034-HRH   Document 3   Filed 10/09/20   Page 1 of 7

4.  The United States of America (US) is responsible, as landowner, under the Federal Tort Claims Act (28 U.S.C.S § 1346) for unreasonably dangerous conditions existing on its real property located at 2168 Midnight Sun Drive, Apartment A, Eielson Air Force Base in Alaska (EAFB) (the premises).

5.  At all relevant times Osborne Construction Company (Osborne) was a corporation doing business in Alaska.

6.  This Court has subject matter and personal jurisdiction over all the parties and all the claims.

7.  Osborne was the general contractor for a military housing project on EAFB involving the premises from approximately 2009-2013.

8.  While working at the premises, Ryan was electrocuted on February 28, 2019, by an unreasonably dangerous condition in the electrical system of the premises.

9.  All Plaintiffs suffered, and will continue to suffer, harms and losses caused by the unreasonably dangerous condition of the premises.

## FEDERAL TORTS CLAIM ACT

10. The US owns the premises.

11. Under Alaska law, including Webb v. City and Borough of Sitka, 561 P.2d 731 (Alaska 1977), Patton v. Spa Lady, 772 P.2d 1082 (Alaska 1989), and Restatement (Second) of Torts § 422, the US is responsible for Plaintiffs' harms and losses.

COMPLAINT
*Beach, et al., v. United States of America*, et al., Case No.:_____
Page 2 of 7
Case 4:20-cv-00034-HRH   Document 3   Filed 10/09/20   Page 2 of 7

12. All conditions incident to Plaintiffs right to bring and maintain this action have been satisfied or waived by the US under the FTCA.

13. Under Alaska law, (<u>Webb</u>) (Restatement (Second) of Torts § 422) the US has a duty to act as a reasonable person in maintaining the premises in a reasonably safe condition in view of all the circumstances.

14. Under Alaska law, the US, as landowner, is subject to the same liability as any independent contractor entrusted to construct or repair the premises.

15. Under Alaska law (<u>Patton</u>) between an innocent possessor of land and an innocent third party injured because of the negligence of the possessor's independent contractor, the possessor should bear any loss because the possessor is in a better position to know what risks of injury exist and to take steps to guard against them.

16. Under Alaska law (<u>Patton</u>) the US owes a non-delegable duty to keep the premises reasonably safe to those foreseeably injured, including the Plaintiffs.

17. Under Alaska law, the US owes a duty to use due care to guard against unreasonable risks created by dangerous conditions existing at the premises.

18. The US owed the above duties to Ryan.

19. The above duties were owed to all those foreseeable harmed, including April, K.B., R.B.Jr., and L.B.

COMPLAINT
*Beach, et al., v. United States of America*, et al., Case No.:_____
Page 3 of 7
Case 4:20-cv-00034-HRH   Document 3   Filed 10/09/20   Page 3 of 7

20. The US breached its duties with regard to the electrical system that was installed, approved, and maintained at the premises.

21. The US negligently inspected and/or accepted the electrical system installed in the premises.

22. The US breached its duties to Plaintiffs.

## NEGLIGENCE - OSBORNE

23. Osborne, as general contractor is responsible for the electrical system at the premises.

24. The electrical system at the premises was unreasonably dangerous.

25. Osborne negligently installed the electrical system at the premises.

26. Osborne negligently inspected the electrical system at the premises.

27. Osborne negligently approved the electrical system at the premises.

28. A subcontractor installed the electrical system at the premises.

29. Osborne negligently retained, supervised, and/or approved the subcontractor and/or the electrical system installed by the subcontractor.

## NEGLIGENCE PER SE

30. The electrical system at the premises was not compliant with relevant codes (negligence per se).

31. Applicable codes provide the standard or evidence of the standard. Ferrell v. Baxter, 481 P.2d 250, 257-58 (Alaska 1971).

COMPLAINT
*Beach, et al., v. United States of America*, et al., Case No.:_____
Page 4 of 7
Case 4:20-cv-00034-HRH   Document 3   Filed 10/09/20   Page 4 of 7

32. Kitchen appliances at the premises were "double wired." That is, one appliance was hot wired to more than one circuit breaker.

33. The outlet that electrocuted Ryan was required to have a Ground Fault Circuit Interrupter (GFCI).

34. The outlet that electrocuted Ryan was not GFCI.

35. Osborne owed a duty to all Plaintiffs to non-negligently install, inspect, and/or approve the electrical system at the premises.

36. The breaches by the US and Osborne were the legal and proximate cause (substantial factor under APJI 307 and <u>Osborne v. Russell</u>, 669 P.2d 550, 555 (Alaska 1983)) of harms suffered by Plaintiffs.

37. Ryan was electrocuted on February 28, 2019 by unreasonably dangerous electrical wiring in the kitchen of the premises.

38. The electrocution caused Ryan to suffer an aortic dissection, stroke, and other serious medical conditions.

39. Ryan's injuries are debilitating, permanent, and his past and future medical bills exceed $1,000,000.

40. Harms and losses suffered by Plaintiffs include, but are not limited to, all economic and non-economic losses available at law or equity.

41. All Plaintiffs have mitigated their damages.

42. Fault cannot be apportioned to Plaintiffs or any other person or entity.

43. All potentially liable parties are identified in the caption.

COMPLAINT
*Beach, et al., v. United States of America*, et al., Case No.:_____
Page 5 of 7
Case 4:20-cv-00034-HRH   Document 3   Filed 10/09/20   Page 5 of 7

## LOSS OF SPOUSAL CONSORTIUM

44. Because of the harms suffered by Ryan, April has and will continue to suffer loss of consortium.

## LOSS OF PARENTAL CONSORTIUM

45. Because of the harms suffered by Ryan his children, K.B., R.B.Jr., and L.B. have and will continue to suffer loss of consortium.

## NIED

46. The US negligently inflicted emotional distress on all Plaintiffs.

47. Osborne negligently inflicted emotional distress on all Plaintiffs.

## NON-ECONOMIC LOSSES

48. Ryan suffered multiple injuries resulting from more than one incident. Each injury is subject to a separate cap under AS 09.17.010.

49. Ryan has suffered and will continue to suffer severe permanent physical impairment.

50. Ryan suffered past and future non-economic losses for pain, suffering, inconvenience, disfigurement, loss of enjoyment of life, loss of consortium and other non-pecuniary damages pursuant to AS 09.17.010(a).

51. April suffered past and future non-economic losses including but not limited to pain, suffering, inconvenience, and loss of enjoyment of life.

52. K.B., R.B.Jr., and L.B. suffered non-economic losses including but not limited to pain, suffering, inconvenience, and loss of enjoyment of life.

## ECONOMIC LOSS

53. Ryan suffered economic loss, past and future.

54. Ryan suffered past and future economic losses for medical bills, disability and lost wages, pursuant to AS 23.30.015(g).

55. These medical bills, disability and lost wages should be separately allocated on the verdict and judgment from all other damages.

56. Ryan suffered damages for the costs of a life care plan, including, but not limited to, past and future rehabilitation costs and costs of personal care.

57. April suffered economic loss, past and future based on not being able to work in order to help take care of Ryan.

## RELIEF REQUESTED

58. Trial by Jury.

59. Judgment against the US and Osborne for all available damages, costs, interest, and attorney fees as allowed by law or equity.

DATED this 8th day of October, 2020.

        KRAMER and ASSOCIATES
        *Attorney for Plaintiffs*

        /s/ Michael Kramer
        Michael C. Kramer
        ABA #9605031

COMPLAINT
*Beach, et al., v. United States of America*, et al., Case No.:_____
Page 7 of 7
Case 4:20-cv-00034-HRH   Document 3   Filed 10/09/20   Page 7 of 7